NOT DESIGNATED FOR PUBLICATION

No. 119,496

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MARTINUS T. HARRIS,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; FAITH A.J. MAUGHAN, judge. Opinion filed June 21, 2019. Affirmed.

Submitted for summary disposition under K.S.A. 2018 Supp. 21-6820(g) and (h).

Before MALONE, P.J., GREEN and BRUNS, JJ.


PER CURIAM: Martinus Harris appeals the district court's decision to revoke his probation and requiring him to serve his underlying sentence. On Harris' motion, we accepted this appeal for summary disposition under K.S.A. 2018 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). Based on our review of the record, we find no error in the decision to revoke Harris' probation and ordering him to serve his underlying sentence.

On March 15, 2016, Harris was sentenced to five months after entering into a plea agreement of fleeing or attempting to elude a law enforcement officer. The district court subsequently suspended Harris' sentence to 12 months' probation. Harris subsequently admitted to violating the terms of his probation by (1) committing new crimes, (2)

1

possessing drugs, and (3) failing to report contact with law enforcement. Although Harris requested a "quick dip" sanction, the district court denied the request. Instead, the district court revoked Harris' probation and ordered him to serve his underlying sentence.

On appeal, Harris contends that the district court erred in revoking his probation and ordering him to serve his underlying sentence without first exhausting intermediate sanctions. However, he candidly recognizes that K.S.A. 2018 Supp. 22-3716(c)(8)(A) provides that the district court is not required to impose intermediate sanctions where an offender has committed a new crime. Because it is undisputed that Harris committed a new crime, we review the record on appeal under an abuse of discretion standard. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008).

Judicial discretion is abused if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Jones*, 306 Kan. 948, 957, 398 P.3d 856 (2017). Based on our review of the record, we find no error of fact or law. Rather, we find that the district court's decision was reasonable under the circumstances presented. Thus, we conclude the district court did not abuse its discretion and we affirm the district court's decision.

Affirmed.